IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIDGE, STRUCTURAL AND REINFORCING IRON WORKERS LOCAL # 1, | ) ) ) ) | |
| Plaintiff, | ) ) | 09CV 3357 |
| v. | ) ) ) | Judge Kennelly |
| D & B CONSTRUCTION and KEVIN DANTZLER d/b/a D & B CONSTRUCTION, a sole proprietorship, LONNIE DANTZLER d/b/a D & B CONSTRUCTION a sole proprietorship, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## *Motion For Entry of Judgment*

Plaintiff, by its attorney, Raymond J. Sanguinetti, of Whitfield, McGann & Ketterman, moves this Court for an Entry of a Judgment and in support states:

1. On November 6, 2009, Plaintiff filed a Motion for Summary Judgment seeking to enforce an arbitration award. Along with a Motion of Summary Judgment, Plaintiff submitted a Memorandum in support of the motion and a Rule 56 Statement of Facts with supporting materials.

2. On December 15, 2009, in lieu of a response to the Motion, Defendants filed a Motion for Extension of Time to respond to the Motion for Summary Judgment, which this Court granted and gave the Defendants until January 8, 2010 to file a response. (Exhibit A)

3. On or about January 8, 2010, Defendant contacted Plaintiffs in an attempt to work out a resolution in this matter short of filing a response and the Court ruling on Plaintiff's Motion for Summary Judgment.

4. The term of the agreement was that Defendants would seek leave of Court to suspend the briefing schedule so as to comply with obtaining a $50,000 wage and fringe benefit bond consistent with the arbitration award as well as pay the $5,000.00 owed to cover fees and costs associated with the arbitration. (See Exhibit B, Defendants Motion to Suspend Briefing Schedule)

5. Defendants' Motion to Suspend the Briefing Schedule was noticed up for January 26, 2010, however, the Motion never appeared on the Court's call.

6. Pursuant to Rule 56 of the Federal Rules of Civil Procedure and the accompanying local rules, a non-moving party is deemed to have admitted the facts contained in a rule 56.1(A)(3) statement of material facts that are not rebutted by citations to the record, pleadings and/or affidavits. Defendants have failed to respond to any of the nine (9) separately numbered statement of material facts contained within Plaintiffs' 56.1 Statement of Facts.

7. In addition to its failure to respond to the Rule 56.1 Statement of Material Facts, Defendants haven't even lived up to the terms of the settlement agreement which would have required Defendants to obtain a suspension of the briefing schedule and within 14 days after January 8, 2010, post the required fringe benefit bond and pay the $5,000 in accordance with the arbitrator's award.

WHEREFORE, Plaintiff respectfully requests this Court enter Judgment in the amount of $55,000.00 against Lonnie Dantzler and D and B Construction jointly and severally.

Respectfully submitted,

By: s/ Raymond J. Sanguinetti

Whitfield, McGann & Ketterman
Attorneys for Plaintiff
Atty. No. 39248
111 East Wacker Drive, Suite 2600
312/251-9700